UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH WATSON,

                            Petitioner,

            -against-

PEOPLE OF THE STATE OF NEW YORK,

                            Respondent.

19-CV-0707 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, appearing *pro se*, submits a letter requesting the Court's permission to proceed

with a petition for a writ of *habeas corpus* challenging his October 27, 2004 conviction in the

New York State Supreme Court, New York County, of grand larceny in the second degree and

criminal possession of stolen property. By order dated October 28, 2019, the Court granted

Petitioner's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the

reasons discussed below, the Court grants Petitioner permission to file a petition for a writ of

*habeas corpus* within sixty days of the date of this order.

## BACKGROUND

Petitioner has filed multiple unexhausted *habeas corpus* petitions in this Court,

challenging his October 27, 2004 conviction. On June 25, 2012, Judge Paul Gardephe issued an

order requiring Petitioner, before filing any new petition, "to obtain permission from the Court

and submit documentation that he has perfected his direct appeal." *Watson v. Bezio*, ECF 1:11-

CV-3591, 29, 2012 WL 2389753, at *3 (S.D.N.Y. June 25, 2012), *appeal dismissed*, No. 12-3103

(2d Cir. Oct. 9, 2012). Judge Gardephe imposed this *habeas corpus* filing restriction because of

Petitioner's repeated attempts to seek *habeas corpus* relief in this Court despite his failure to

perfect his direct appeal and exhaust his available state-court remedies. *See Watson*, 2012 WL

23899754, at *3-4 (report and recommendation recounting Petitioner's litigation history and failure to perfect his direct appeal and exhaust available state-court remedies; recommending the filing restriction).

On January 23, 2019, Petitioner submitted a letter to the Court asserting that on January 3, 2019, the New York State Supreme Court Appellate Division, First Department (Appellate Division), denied his motion for further enlargement of time to perfect his appeal and dismissed his appeal. Petitioner also requests guidance on whether he can now proceed with a *habeas corpus* petition in this Court, or alternatively, what other steps he must now take. Petitioner's letter was opened as a new *habeas corpus* action.

On October 23, 2019, mistakenly believing that the Court has granted him permission to proceed with his petition, Petitioner submitted a letter thanking the Court. He also asserts his belief that the New York County District Attorney "had no jurisdiction to take [him] into part 93 of New York County Court" (ECF No. 5, 1), and submits as exhibits documents relating to his indictment and transcripts of grand jury proceedings.

## DISCUSSION

### A.     Exhaustion and Procedural Default

Petitioner submitted his January 23, 2019 letter to the Court seeking leave to proceed with a *habeas corpus* petition. As documentation that he has perfected his appeal and exhausted his state-court remedies, Petitioner provides the Appellate Division's January 3, 2019 decision, which, without explanation, denied his motion for enlargement of time to perfect his appeal and granted the state's cross motion to dismiss the appeal.[1]

---

[1] Petitioner does not allege that he sought permission to appeal the Appellate Division's dismissal order to the New York Court of Appeals within thirty days pursuant to N.Y. Crim. P. L. § 460.10(4) and § 470.60(3).

Generally, a federal court will not entertain a *habeas corpus* petition under 28 U.S.C. § 2254 until a petitioner has fully exhausted his available state-court remedies. *See* 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). Exhaustion of state remedies requires presentation of the claim to the highest state court from which a decision can be obtained. *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 191 n. 3 (2d Cir.1982) ("[A] petitioner need not give the state court system more than one full opportunity to rule on his claims; if he has presented his claims to the highest state court on direct appeal he need not also seek state collateral relief.").

When a *habeas* petition presents unexhausted claims, the federal court must determine whether the petitioner could return to state court to exhaust the claims. *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). If the petitioner cannot obtain further review of the unexhausted claims in state court because of procedural reasons, then the federal court must deem the claims procedurally defaulted. *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011); *see also Jackson*, 763 F.3d at 133 ("[I]f the state prisoner fails to exhaust his state remedies in a manner in which, were he to return to the state courts with his unexhausted claim, those courts would find the claim barred by the application of a state procedural rule, we must deem the claim procedurally defaulted.") (internal quotation marks omitted). A federal court may address the merits of claims that are procedurally defaulted only if the petitioner can establish either "cause for the default and prejudice" or that he is "'actually innocent' of the crime for which he was convicted." *Carvajal*, 633 F.3d at 104 (citation omitted).

Here, it appears that because Petitioner failed to perfect his appeal, the Appellate Division granted the state's motion to dismiss the appeal on procedural grounds and did not consider the merits of Petitioner's claim. As direct review of Petitioner's conviction appears to be concluded

and no other avenue of appeal appears to remain, any unexhausted claims Petitioner seeks to

raise in a *habeas* petition must be deemed procedurally defaulted.

**B.      Leave to File a Petition**

Because Petitioner may now be procedurally barred from presenting his grounds for relief

to the state courts, he can no longer comply with the June 25, 2012 order requiring him to

"submit documentation that he has perfected his direct appeal." See *Watson*, 2012 WL 2389753,

at *3. As no purpose would be served by requiring Petitioner to return to state court to attempt to

exhaust claims that are procedurally barred, the Court grants him permission to file a petition

within sixty days.

In his petition, Petitioner must show that he meets the "in custody" requirement in any

new petition, that is, he is "'in custody pursuant to the judgment of a State court' at the time [the]

petition is filed." *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (citation omitted).[2]

In addition, in accordance with Rule 2(c) of the Rules Governing Section 2254 Cases in the

United States District Courts, the petition must specify all of Petitioner's available grounds for

---

[2] The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). *Habeas corpus* relief is not restricted only to situations in which the applicant is in actual, physical custody, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984), but it is available so long as a petitioner suffers from substantial restraints not shared by the general public, *see*, *e.g.*, *Maleng*, 490 U.S. at 491; *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) ("The custody requirement of the *habeas corpus* statute is designed to preserve the writ of *habeas corpus* as a remedy for severe restraints on individual liberty."). But "once a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction." *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (citations omitted).

Based on public records from the New York Department of Corrections and Community Service, it appears that Petitioner has been discharged from parole. *See* Parolee Lookup, http://www.doccs.ny.gov/ParoleeLookup/Lookup (last visited October 28, 2019).

*habeas corpus* relief, set forth the facts supporting each of the specified grounds, and state the relief requested. Finally, as it appears that Petitioner's claims are procedurally defaulted, he must establish either "cause for the default and prejudice" or that he is "'actually innocent' of the crime for which he was convicted."[3] *Carvajal*, 633 F.3d at 104.

## C.      Application for Counsel

Petitioner also requests that the Court appoints him counsel. (*See* ECF No. 3.) There is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides that a court may appoint counsel to an indigent person when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, ECF 1:10-CV-0199, 26, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Accordingly, the request for counsel is denied without prejudice. Petitioner may reapply for appointment of counsel at a later

---

[3] "Cause" is demonstrated by "a showing that the factual or legal basis for a claim was not reasonably available to [a petitioner], . . . or that 'some interference by state officials' . . . made compliance impracticable, . . . [or that] the procedural default [was] the result of ineffective assistance of counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted). The petitioner must also show that he will suffer prejudice, that is a "fundamental miscarriage of justice" would result from the failure to review the claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

date after he has filed the new petition and the Court has had more of the relevant facts and legal issues presented to it for its consideration.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Court grants Petitioner leave to file a *habeas corpus* petition containing the information specified above. The petition must be submitted to the Clerk's Office within sixty days of the date of this order and be labeled with docket number 19-CV-0707 (CM). A Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

Petitioner's application for *pro bono* counsel (ECF No. 3) is denied without prejudice to renewal at a later date. All other pending matters are terminated.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    November 15, 2019
            New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.  <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)        Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of

## PETITION

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:

        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?    ❏  Yes        ❏  No

5.      Identify all crimes of which you were convicted and sentenced in this case:

6.      (a) What was your plea? (Check one)

                        ❏  (1)     Not guilty        ❏  (3)     Nolo contendere (no contest)

                        ❏  (2)     Guilty            ❏  (4)     Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury     ❏ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes     ❏ No

8.    Did you appeal from the judgment of conviction?

❏ Yes     ❏ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❏ Yes     ❏ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ❒ Yes    ❒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ❒ Yes    ❒ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes    ❒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes        ❏   No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes     ❏   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:     ❏  Yes     ❏   No

(2)  Second petition:  ❏  Yes     ❏   No

(3)  Third petition:    ❏  Yes     ❏   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.       For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
          laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
          supporting each ground.

          **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
          state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
          forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)　　**Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　❏　Yes　　❏　No

(2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏　Yes　　❏　No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?　　❏　Yes　　❏　No

(4) Did you appeal from the denial of your motion or petition?　　❏　Yes　　❏　No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　　❏　Yes　　❏　No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❒   Yes        ❒   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒   Yes        ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❑ Yes  ❑ No

(4) Did you appeal from the denial of your motion or petition?  ❑ Yes  ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑ Yes  ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❐  Yes        ❐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❐  Yes        ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                              ❐  Yes        ❐  No

(4) Did you appeal from the denial of your motion or petition?                         ❐  Yes        ❐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐  Yes        ❐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❒ Yes    ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ❒ Yes    ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court
            having jurisdiction?        ❐  Yes          ❐  No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
            presenting them:

    (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which
            ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
        that you challenge in this petition?        ❐  Yes          ❐  No
        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
        raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy
        of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
        the judgment you are challenging?        ❐  Yes          ❐  No
        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
        raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ❏   Yes      ❏     No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ❏   Yes      ❏     No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

     (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

          (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

          (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.