UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH WATSON,

                          Petitioner,

          -against-

PEOPLE OF THE STATE OF NEW YORK,

                          Respondent.

19-CV-0707 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner has filed multiple unexhausted *habeas corpus* petitions in this Court,

challenging his October 27, 2004 conviction. On June 25, 2012, Judge Paul Gardephe issued an

order requiring Petitioner, before filing any new petition, "to obtain permission from the Court

and submit documentation that he has perfected his direct appeal." *Watson v. Bezio*, ECF 1:11-

CV-3591, 29, 2012 WL 2389753, at *3 (S.D.N.Y. June 25, 2012), *appeal dismissed*, No. 12-3103

(2d Cir. Oct. 9, 2012). On January 23, 2019, Petitioner submitted a letter requesting the Court's

permission to proceed with a petition for a writ of *habeas corpus* under 28 U.S.C.§ 2254,

asserting that on January 3, 2019, the New York State Supreme Court Appellate Division, First

Department, denied his motion for further enlargement of time to perfect his appeal and

dismissed his appeal.

On November 15, 2019, the Court held that because Petitioner appears to be procedurally

barred from presenting his grounds for relief to the state courts, he could no longer comply with

Judge Gardephe's June 25, 2012 order. The Court then granted Petitioner leave to file a new

petition within 60 days, and it provided the following direction:

> In his petition, Petitioner must show that he meets the "in custody" requirement in
> any new petition, that is, he is "'in custody pursuant to the judgment of a State
> court' at the time [the] petition is filed." *Nowakowski v. New York*, 835 F.3d 210,
> 215 (2d Cir. 2016) (citation omitted). (footnote omitted) In addition, in

accordance with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the petition must specify all of Petitioner's available grounds for *habeas corpus* relief, set forth the facts supporting each of the specified grounds, and state the relief requested. Finally, as it appears that Petitioner's claims are procedurally defaulted, he must establish either "cause for the default and prejudice" or that he is "'actually innocent' of the crime for which he was convicted." (footnote omitted) [*Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011)].

(ECF No. 7, 4.)

In response to the order, instead of submitting a new petition as directed, Petitioner submits a document titled "Notice of Petition for Rule 60(b)(3)(4)(6)," with a barrage of attachments. (ECF No. 9.) The Court liberally construes this submission as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). After reviewing the arguments in Petitioner's submission, the Court denies the motion.

## DISCUSSION

**A.      Motion for Reconsideration**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Petitioner's motion is confusing. He acknowledges that he is no longer in custody and that his claims are procedurally defaulted, but he urges the Court to consider his grounds and

vacate his October 27, 2004 state-court conviction, contending that he is entitled to relief under clauses 3-6 of Rule 60(b).

It appears that Petitioner misunderstood the Court's November 15, 2019. Petitioner does not have a pending *habeas corpus* petition before the Court. He requested permission to file such a petition and the Court granted his request in the November 15, 2019 order. For the Court to consider any of Petitioner's claims, he must first file a petition.

Petitioner's motion for reconsideration must be denied. He fails to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Petitioner does not present any legal or factual matters that would call into question the Court's order granting him leave to file a new petition.

## B.      Leave to File Petition

In light of Petitioner's apparent confusion, the Court grants him an additional 30 days to file a petition. Although Petitioner has been discharged from parole, he may meet the "in custody" requirement if he remains exposed to "future adverse consequences on discretion of the supervising court" or other authority. *See Nowakowski*, 835 F.3d at 216. Petitioner must allege facts in the petition showing that he meets the in custody requirement, that is, he continues to suffer from restraints not shared by the general public. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989). Petitioner should note that the Court does not have jurisdiction to entertain a *habeas corpus* petition from persons who are no longer in custody. *See Maleng*, 490 U.S. 490-91.

In addition, any petition filed must clearly list each of Petitioner's grounds for relief and set forth the supporting facts. Even if Petitioner's claims are procedurally barred, the Court may be able to consider them if he can establish "cause of the default and prejudice" or that he is actually innocent of the crime for which he was convicted." *Carvajal*, 633 F.3d at 104.

Finally, Petitioner should note that although the Court is giving him another opportunity to submit a petition, the Court's patience is not limitless. Petitioner has bombarded the Court with documents relating to this conviction, but has not filed a *habeas corpus* petition as directed. The Court can only consider Petitioner's grounds for relief in an actual petition. At this junction, Petitioner is only granted leave to submit a petition. Any other submission will result in the dismissal of this action.

**C.     Application for Counsel**

Petitioner also submits a second request for the Court to appoint him counsel. (ECF No. 8). For the same reasons stated in the Court's November 15, 2019 order, that application is denied, without prejudice to Petitioner's refiling it at a later date.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Court denies Petitioner's motion for reconsideration. (ECF No. 9.) The Court grants Petitioner leave to file a *habeas corpus* petition containing the information specified. A "Petition Under 28 U.S.C. § 2254" form is attached to this order. Petitioner should complete the form as specified above. The petition must be submitted to the Clerk's Office within 30 days of the date of this order and be labeled with docket number 19-CV-0707 (CM). Once submitted, the petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

Petitioner's second application for *pro bono* counsel (ECF No. 8) is denied without prejudice to renewal at a later date. All other pending matters are terminated.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 17, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for**
    **Address**
    **City, State  Zip Code**

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

The Attorney General of the State of

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence:

4.  In this case, were you convicted on more than one count or of more than one crime?   ❑ Yes      ❑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

6.  (a) What was your plea? (Check one)

    ❑  (1)    Not guilty          ❑  (3)    Nolo contendere (no contest)

    ❑  (2)    Guilty              ❑  (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury     ❏ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes     ❏ No

8.     Did you appeal from the judgment of conviction?

❏ Yes     ❏ No

9.     If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❏ Yes     ❏ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ❏  Yes    ❏  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ❏  Yes    ❏  No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes    ❏  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes        ❏ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes ❐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ❐ Yes ❐ No

(2) Second petition: ❐ Yes ❐ No

(3) Third petition: ❐ Yes ❐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏   Yes     ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏   Yes     ❏   No

(4) Did you appeal from the denial of your motion or petition?     ❏   Yes     ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes     ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❒   Yes      ❒   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒   Yes      ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏  Yes  ❏  No

(4) Did you appeal from the denial of your motion or petition?  ❏  Yes  ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes  ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❏   Yes      ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❏   Yes      ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                          ❏   Yes      ❏   No

(4) Did you appeal from the denial of your motion or petition?                     ❏   Yes      ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes      ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❐   Yes          ❐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❐   Yes          ❐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:






(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

   (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

          having jurisdiction?     ❑ Yes          ❑ No

          If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

          presenting them:

   (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

          ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

        that you challenge in this petition?     ❑ Yes          ❑ No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

        raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

        of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

        the judgment you are challenging?     ❑ Yes          ❑ No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

        raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ❏  Yes     ❏  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ❏  Yes     ❏  No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
    of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of
    the Constitution or laws of the United States is removed, if the applicant was prevented from
    filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
    if the right has been newly recognized by the Supreme Court and made retroactively applicable to
    cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been
    discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.