```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JOSEPH WATSON,                                                     :
                                                                   :
                                        Petitioner,                :
                                                                   :             19-cv-0707 (LJL)
              -v-                                                  :
                                                                   :             OPINION AND ORDER
PEOPLE OF THE STATE OF NEW YORK,                                   :
                                                                   :
                        .                                          :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2020

LEWIS J. LIMAN, United States District Judge:

Before the Court is a motion, at Dkt. No. 27, to dismiss petitioner Joseph Watson's ("Watson" or "Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the motion is granted and the case is dismissed.

## BACKGROUND

This action was initiated on December 30, 2019, by Petitioner in the form of a notice of petition for relief pursuant to Federal Rule of Civil Procedure 60(b) challenging Petitioner's October 27, 2004 conviction in New York State Supreme Court, New York County, of grand larceny in the second degree and criminal possession of stolen property. *See* Dkt No. 9. The notice of petition stated that Watson was seeking relief under "Rule 60(b)(3)(4)(6)." *Id*. at 1. In his notice of petition, Watson noted that he "was discharged from parole in June of 2019" and "[h]e therefore does not qualify as in custody status for a writ of habeas corpus." *Id*. at 1, 2.

On January 17, 2020, the Court, per Chief Judge McMahon, issued an order denying Petitioner's motion but granting him an additional 60 days to file a petition for writ of habeas corpus under 28 U.S.C. 2254. Dkt No. 10. Chief Judge McMahon noted that another judge of this Court, Judge Gardephe, had entered an order in 2012 in response to multiple unexhausted

habeas corpus petitions Watson had filed in this Court. Judge Gardephe's order had required Watson, before he filed any new petition, "to obtain permission from the Court and submit documentation that he has perfected his direct appeal." *Id*. at 1 (quoting *Watson v. Bezio*, 2012 WL 2389753, at *3 (S.D.N.Y. June 25, 2012), *appeal dismissed*, No. 12-3101 (2d Cir. Oct. 9, 2012)). In a November 15, 2019 order, the Court had noted that Petitioner was procedurally barred from presenting his grounds for relief to state court and permitted him to file a new petition showing that he met the "in custody" requirement. Dkt. No. 7; *see* Dkt. No. 10 at 1-2. Rather than file a new *habeas* petition, however, Petitioner filed the motion at Dkt. No. 9 seeking relief pursuant to Rule 60(b)(3)(4) and (6). In light of Watson's apparent confusion, the Court gave him an additional 30 days to file a petition noting that while he must show he meets the "in custody" requirement, his discharge from parole would not necessarily defeat a showing that he was in custody. A petitioner may be in custody "if he remains exposed to 'future adverse consequences on discretion of the supervising court' or other authority.'" *Id*. at 3 (quoting *Nowakowski v New York*, 835 F.3d 210, 216 (2d Cir. 2016)). The Court also stated that "any petition filed must clearly list each of Petitioner's grounds for relief and set forth the supporting facts." *Id*. at 3.

Petitioner responded by filing the operative "Amended Petition" on January 30, 2020. Dkt No. 11. He asserts a number of alleged violations in connection with his state court prosecution and trial including violations of the 5th, 6th and 14th Amendments to the United States Constitution, "ineffective assistance of counsel," "probable cause violation; no witness against petitioner Joseph Watson." *Id*. He does not allege any facts supporting that he is still in custody.

## DISCUSSION

Section 2254 of Title 28 of the United States Code provides a means of relief for "a person in custody pursuant to the judgment of a State court . . . on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). It is not fatal to a collateral attack on a conviction that the petitioner is no longer in actual physical custody or on parole, because "besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." *Nowatowski*, 835 F.3d at 215 (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)); *see Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) ("The custody requirement may be satisfied by restraints other than 'actual, physical custody' incarceration'") (internal citations omitted). However, "penalties that do not impose a severe restraint on individual liberty or the imminent threat of such a restraint do not satisfy the 'in custody' requirement." *Vega*, 861 F.3d at 74.

In its motion to dismiss, Respondent has submitted evidence that Petitioner was discharged from parole and completed his sentence on June 7, 2019. Dkt No. 27 at 3. His Rule 60(b)(3)(4)(6) petition was filed on December 23, 2019, and his habeas petition is dated January 29, 2020 and was filed on January 30, 2020. *See* Dkt. No. 11. Petitioner's response does not identify any continuing restraints on him that would place him "in custody" on the challenged conviction or sentence. *See* Dkt. No. 28. Accordingly, the motion to dismiss for lack of jurisdiction is granted and Watson's petition is dismissed.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in

good faith, and therefore *in forma pauperis* status is denied for purposes of appeal. See

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

## CONCLUSION

The motion to dismiss for lack of jurisdiction is GRANTED. The Clerk is respectfully directed to mail a copy of this order to Petitioner, to close the motion at Dkt. No. 27, and to close the case. The Clerk is respectfully directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: December 30, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge